ORIGINAL



FILED

03/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0138

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0138

IN RE THE MARRIAGE OF
JACQUILINE STEINMANN,

    Petitioner/Appellee,

v.

BRETT STEINMANN,

    Respondent/Appellant.

MAR 1 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Brett Steinmann (Brett) has filed a petition for a rehearing of our January 30, 2024, decision affirming the District Court's order dividing the marital estate. Jackie opposes the petition for rehearing.

This Court will only consider a petition for rehearing if one of the following circumstances are present: "[t]hat it overlooked some fact material to the decision; [][t]hat it overlooked some question presented by counsel that would have proven decisive to the case; or [] [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i)-(iii).

Brett argues our decision overlooked his testimony that he put $200,000 of his own assets towards the Shadow Circle house before he and Jackie moved in and that there was a double counting of some of Brett's business assets in the overall distribution. Brett argues these facts were arbitrarily overlooked by the District Court and that they would have had an impact on this Court's decision.

Jackie responds these arguments were new arguments made in the reply brief and even considering them on the merits, the District Court was within its discretion to determine the amount of pre-marital credit Brett should be awarded in the properties and

its credit determination of his assets. Jackie maintains the court's decision was not arbitrary and was based on the record.

We did address the facts Brett raised concerning his contributions and determined they would have no impact on our decision since the District Court is not obligated under § 40-4-202(1), MCA, to award any credit to a premarital interest and the District Court's credit determination was reasonable and based on the record. Further, the alleged double counting of Brett's business assets was raised only in his reply brief, contradicts the District Court's final determination of Brett's value of his business, and could not have affected the distribution of the properties that were the only disputed issue on appeal. Brett has not met his burden under M. R. App. P. 20(1)(a) of showing a rehearing should be granted. Therefore,

IT IS ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Brett Steinmann personally.

DATED this 13 day of March, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2